**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Sherman Shelby SHAW and George M. Snellings, III, Defendants-Appellants.**

Nos. 79–2022, 79–2901.

United States Court of Appeals, Fifth Circuit.

April 8, 1980.

Rehearing Denied May 23, 1980.

Charles C. Trascher, III, Monroe, La., for defendants-appellants in both cases.

Dosite H. Perkins, Ansel M. Stroud, III, Asst. U. S. Attys., Shreveport, La., for plaintiff-appellee in both cases.

---

Before TUTTLE, AINSWORTH and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

■ This case comes before us on appeals from two separate orders of the dis-

252

trict court for the Western District of Louisiana, the Monroe Division. The appeals, which have been consolidated for hearing before this Court, involve two pending criminal cases arising out of the defendants' alleged violations of the federal migratory bird laws, 16 U.S.C. § 703 *et seq.* In the appeal numbered 79–2022, we affirm the district court's order on the basis of its opinion, *see United States v. Shaw*, 467 F.Supp. 86 (W.D.La.1979). As to appeal No. 79–2901, we reverse. Although we agree that the prosecution's actions do not constitute a violation of the double jeopardy prohibition of the Fifth Amendment, we hold that the filing of the second information occurred under circumstances which indicate that the filing constitutes vindictive prosecution for the particular acts of the defendants described in No. 79–2022. A criminal defendant is entitled to pursue statutory or procedural rights without the fear of vindictive retaliation. *See Blackledge v. Perry*, 417 U.S. 21, 28, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974).

The judgment in 79–2022 is AFFIRMED. The judgment in 79–2901 is REVERSED and the case is REMANDED to the trial court with directions that the prosecution be dismissed.